FILED
CLERK, U.S. DISTRICT COURT
MAY 26 2012
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

## FINDING RE PROBABLE CAUSE

On May 26, 2012, at __10:30 a.m.__ [time], Manuel Gonzales, Special Agent of the Department of Labor, appeared before me regarding the probable cause arrest of defendant Yoo Taik Kim occurring on May 25, 2012, at approximately 6:45 p.m., at Fullerton, California.

Having reviewed the agent's statement of probable cause, a copy of which is attached hereto, the Court finds that there **exists**/~~does not exist~~ probable cause to arrest the defendant for a violation of Title 18, United States Code, Sections 402 and 3148.

/ X / It is ordered that defendant Yoo Taik Kim be held to answer for proceedings under Federal Rule of Criminal Procedure 5 on May 29, 2012.

/ ___ / It is ordered that defendant Yoo Taik Kim be discharged from custody on this charge forthwith.

DATED: __5/26/12__, at __10:30__ a.m./~~p.m.~~

HON. PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

# AFFIDAVIT

I, Manuel Gonzales, being duly sworn, do hereby depose and say the following:

1. I am a Special Agent ("SA") with the United States Department of Labor ("DOL"), Office of Inspector General ("OIG"), Office of Labor Racketeering and Fraud Investigations and have been so employed since May 2000. I am currently assigned to the Los Angeles Regional Office. I am a graduate of the Federal Law Enforcement Training Center in Glynco, Georgia. My responsibilities as a Special Agent with the OIG include investigating waste, fraud, and abuse of the various programs of DOL. During my tenure as a Special Agent, I have conducted and participated in investigations of several types of criminal activity including labor racketeering, money laundering, identity theft, unemployment insurance fraud, immigration fraud and federal worker's compensation fraud. During the investigation of these cases, I have participated in the execution of search and arrest warrants and have seized evidence of violations of federal law.

## PURPOSE OF AFFIDAVIT

2. This affidavit is made to request a probable cause finding supporting the arrest of defendant YOO TAIK KIM, which was made by Special Agents of DOL-OIG, and took place at his place of residence in Fullerton, California, on May 25, 2012, at approximately 6:45 p.m. This affidavit is submitted for the limited purpose of establishing probable cause for that arrest, and does not set forth every fact concerning the matter.

## STATEMENT RE PROBABLE CAUSE

3. I am the primary case agent in the matter of United States v. Yoo Taik Kim, CR 08-1510-GW, which involves charges of visa fraud (violations of 18 U.S.C. §1546(a)), false statements (violations of 18 U.S.C. § 1001), and a charge of unlawful procurement of

1

citizenship, in violation of 18 U.S.C. § 1425. After a jury trial, defendant was convicted of these offenses in November 2011.

4. On April 19, 2012, defendant was sentenced for his crimes by the Hon. George H. Wu. A Judgment and Commitment ("J&C") Order issued, a true and correct copy of which is attached as Exhibit A. The J&C ordered defendant to self-surrender May 22, 2012.

5. As explained in the attached *Ex Parte* Application filed by the government, defendant failed to self-surrender on May 22, 2012 because he had filed a motion seeking bond with the Court of Appeals. But the motion was denied on May 24, 2012, and defendant failed to surrender immediately thereafter. For that reason, on May 25, 2012, the government requested a warrant for defendant's arrest via the *Ex Parte Application* attached as Exhibit B hereto.

6. On May 25, 2012, Judge Wu signed an Order finding that defendant was in contempt of court for failing to surrender. A true and correct copy of the May 25 Order is attached as Exhibit C hereto. The May 25 Order provides that an warrant shall issue forthwith. Judge Wu did not, however, sign a warrant.

7. Relying on the May 25 Order, Special Agents of DOL-OIG arrested defendant on May 25, 2012. Defendant was turned over to the custody of the Bureau of Prisons, where he remains in custody.

8. Therefore, based on these facts, in particular the Court's May 25, 2012 that finds defendant in contempt of court and in violation of the terms and conditions of his release, I submit that there is probable cause to believe that YOO TAIK KIM has violated 18 U.S.C. §401, and 18 U.S.C. § 3148, and to hold him in custody pending Rule 5 proceedings on Tuesday.

Manuel Gonzales, Special Agent
U.S. DEPARTMENT OF LABOR
OFFICE OF INSPECTOR GENERAL

Subscribed and sworn before me this 26th day of ~~April 2008~~ MAY 26, 2012

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

3

# EXHIBIT A

# United States District Court
## Central District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA** vs. | Docket No.   CR 08-1510-GW |
| **Defendant**   Yoo Taik Kim | Social Security No.  3  3  3  8 |
| akas:  Yoo Taek Kim aka Walter Goldman Kim | (Last 4 digits) |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 04 | 19 | 2012 |

**COUNSEL**           Raul Ayala, DFPD
                     (Name of Counsel)

**PLEA**  ☐ GUILTY, and the court being satisfied that there is a factual basis for the plea.  ☐ NOLO CONTENDERE  ☐ NOT GUILTY

**FINDING**  There being a finding/verdict of **GUILTY**, defendant has been convicted as charged of the offense(s) of:
18 U.S.C. § 1546(a): PRESENTATION OF FALSE IMMIGRATION DOCUMENT OR APPLICATION; 18 U.S.C. § 1001: FALSE STATEMENT; 18 U.S.C. § 1546(a);2(b): PRESENTATION OF FALSE IMMIGRATION DOCUMENT OR APPLICATION; 18 U.S.C. § 1425 UNLAWFUL PROCUREMENT OF CITIZENSHIP; and 18 U.S.C. § 1001: FALSE STATEMENT **as charged in Indictment.**

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: **Forty-one (41) Months.**

It is ordered that the defendant shall pay to the United States a special assessment of $700, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

It is ordered that the defendant shall pay to the United States a total fine of $125,000, which shall bear interest as provided by law.

The fine shall be paid in full immediately.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Yoo Taik Kim, is hereby committed on Counts 1, 2, 3, 4, 5, 6 and 7 of the 7-Count Indictment to the custody of the Bureau of Prisons for a term of 41 months. This term consists of 41 months on each of Counts 2, 5, 6, and 7, and 41 months on each of Counts 1, 3, and 4 of the Indictment, to be served concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years. This term consists of three years on each of Counts 1, 2, 3, 4, 5, 6 and 7 of the Indictment, all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 05-02;

2. The defendant shall not commit any violation of local, state or federal law or ordinance;

3. During the period of community supervision the defendant shall pay the special assessment in

USA vs. Case 2:08-cr-01510-GW    Document 211    Filed 05/26/12    Page 7 of 20    Page ID #:3046

USA vs. Soo Paul Kim                                                                 Docket No.: CR 08-1510-GW

accordance with this judgment's orders pertaining to such payment;

4. The defendant shall comply with the immigration rules and regulations of the United States, and if deported or removed from this country, either voluntarily or involuntarily, not reenter the United States illegally. The defendant is not required to report to the Probation Office while residing outside of the United States; however, within 72 hours of release from any custody or any reentry to the United States during the period of Court-ordered supervision, the defendant shall report for instructions to the United States Probation Office, located at the United States Court House, 312 North Spring Street, Room 600, Los Angeles, California 90012;

5. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name; nor shall the defendant use, for any purpose or in any manner, any name other than his true legal name or names without the prior written approval of the Probation Officer; and

6. The defendant shall cooperate in the collection of a DNA sample from the defendant.

The drug testing condition is waived as the Court finds a low risk of future substance abuse.

It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons on or before 12 noon, on May 22, 2012. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at the Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012.

The Court advises defendant of his rights to an appeal. The Court recommends, but does not order, that defendant serve his term at a federal facility in Southern California.

Partial bond is exonerated as to the property located at 23255 Woodleaf Drive, Diamond Bar, CA 91765. Remaining bond will be exonerated upon surrender.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| April 23, 2012 | _/s/ George H. Wu_ |
|---|---|
| Date | GEORGE H. WU, U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| April 23, 2012 | By | /S/ Javier Gonzalez |
|---|---|---|
| Filed Date | | Deputy Clerk |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:
1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

USA vs. Yoo Tae Kun    Docket No.: CR 08-1510-GW

Case 2:08-cr-01510-GW   Document 211   Filed 05/26/12   Page 9 of 20   Page ID #:3048

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____        By _____
Date                      Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____        By _____
Filed Date                Deputy Clerk

USA vs. Yeo Taik Kim                    Docket No.: CR 08-1510-GW

Case 2:08-cr-01510-GW   Document 211   Filed 05/26/12   Page 10 of 20   Page ID #:3049

#### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____          _____
                Defendant                                              Date


_____          _____
U. S. Probation Officer/Designated Witness                 Date

# EXHIBIT B

```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    KERI CURTIS AXEL (Cal. Bar No. 186847)
 4  VICKI CHOU (Cal. Bar No. 248598)
    Assistant United States Attorneys
 5  Major Frauds Section / General Crimes Section
         1100 United States Courthouse
 6       312 North Spring Street
         Los Angeles, California 90012
 7       Telephone: (213) 894-5421/8692
         Telephone: (213) 894-3547/0141
 8       E-mail: keri.axel@usdoj.gov
         E-mail: vicki.chou@usdoj.gov
 9
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. CR 08-1510-GW |
|---|---|
| Plaintiff, | ) |
| v. | ) <u>EX PARTE APPLICATION FOR WARRANT;</u> <u>DECLARATION OF KERI CURTIS AXEL</u> |
| YOO TAIK KIM, <br>   aka "Yoo Taek Kim," <br>   aka "Walter Goldman Kim," | ) Courtroom of the Hon. George H. Wu |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files this <u>ex parte</u> application seeking a warrant to arrest defendant Yoo Taik Kim ("defendant").

On April 19, 2012, the Court sentenced defendant and ordered him to surrender to the United States Bureau of Prisons by noon on May 22, 2012. This order was made after repeated applications of defendant to remain on bond, and the Court had permitted defendant to remain on bond until May 22, 2012 in light of his request that he wished to get his business and personal affairs in order before surrendering.

On Friday, May 18, 2012, without seeking bond pending appeal from this Court, defendant filed a frivolous bail pending appeal motion in the Ninth Circuit. The motion was clearly for purposes of delay, invoking Ninth Circuit Rule 9-1.2(e), which permits a temporary stay of surrender pending adjudication of a bail motion before the Circuit, and indicating that defendant would not surrender May 22. It also was improper, violating settled authority and practice requiring a defendant first to seek bail pending appeal in the district court,[1] and failing to set forth any substantial question of law or fact. Because of the failure to bring the motion first before this Court, the Circuit promptly rejected defendant's motion yesterday, May 24, 2012.

Government counsel immediately forwarded the Circuit's Order to defense counsel, Raul Ayala and Christina Diedoarado, and informed them that the 9th Circuit's order rejecting the motion meant that this Court's preceding order requiring defendant to surrender May 22, 2012 was no longer stayed, and that defendant should surrender by noon today. New defense counsel, Ms. Diedoardo, responded that she had not read the Circuit's two-

---

[1] Fed. R. App. P. 9(a)(1); Fed. R. App. P. 9(b). See United States v. Hochevar, 214 F.3d 342, 343 (2d Cir. 2000) ("We do not view the language of Rule 9(b) as authorizing a defendant to make his bail motion initially in the court of appeals."); Charles Alan Wright & Arthur R. Miller et. al., Federal Practice & Procedure § 3955.2 (4th ed. 2010) ("determinations concerning release pending appeal from the judgment of conviction are entrusted in the first instance to the district court."); see, e.g., United States v. Wheeler, 795 F.2d 839, 840-41 (9th Cir. 1986) (remanding for District Court to provide statement of reasons); United States v. Cordero, 992 F.2d 985, 986 (9th Cir. 1993) (denying request for a stay of a defendant's surrender date where the defendant had filed a bail motion without a reporter's transcript of bail proceedings below).

1  sentence order but, upon doing so, would "appropriately advise
2  Mr. Kim." (See attached Declaration of Keri Curtis Axel).
3      As of noon today, the government understands that defendant
4  has not surrendered. (Id.). Defendant therefore is in contempt
5  of court, a violation of 18 U.S.C. § 402, Contempt of Court, and
6  18 U.S.C. § 3148. Under 18 U.S.C. § 401, a court has "power to
7  punish by . . . imprisonment . . (3) disobedience or resistance
8  to its lawful . . order." Under 18 U.S.C. § 3148, a person who
9  has violated a term and condition of his release is subject to an
10 "order of detention, and . . . a prosecution for contempt of
11 court." Moreover, it is simply time for defendant to begin to
12 serve his sentence. The Court therefore should issue a warrant
13 forthwith so that federal authorities can detain defendant and
14 escort him into custody.
15     Defendant may respond that he has now filed a motion with
16 this Court seeking bond pending appeal. That motion, which is
17 calendared for June 21, 2012, is of no moment. It may be heard
18 in due course, on the calendared hearing date.[2] But defendant

---

[2] Moreover, it is clearly frivolous. To satisfy the standard of release under 18 U.S.C. § 3143(b), defendant must show, among other things, a "substantial issue of law or fact." He does not even attempt this, only suggesting offhandedly that there might be a problem with the indictment because some of the counts look alike. Defendant cites no caselaw or statute, does not use the legal term of art "multiplicitous," and fails even to acknowledge the federal case concerning multiplicity, which would of course establish that the indictment is proper because violations of 18 U.S.C. § 1001 and 18 U.S.C. § 1546 are separate crimes with different elements and thus the indictment is not multiplicitious. See United States v. Blockburger, 284 U.S. 299 ("where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses . . . is whether each

has not sought any order staying the Court's order to surrender, and the Motion does not automatically stay it. It would not be appropriate to stay it anyway, as the Court has repeatedly granted defendant extensions, but made clear on April 19 that the final extension of his surrender date to May 22 was the last one.

Thus, defendant is in contempt of court, and in violation of the terms and conditions of his release. The Court should put an end to this and issue a warrant forthwith.

The government is submitting a proposed warrant, which necessarily incorporates personal identifying information inappropriate in the public record, directly to the clerk.

DATED: May 24, 2012                 Respectfully submitted,

                                    ANDRÉ BIROTTE JR.
                                    United States Attorney

                                    ROBERT E. DUGDALE
                                    Assistant United States Attorney
                                    Chief, Criminal Division


                                     /s/ Keri Curtis Axel
                                    KERI CURTIS AXEL
                                    VICKI CHOU
                                    Assistant United States Attorneys

                                    Attorneys for the
                                    United States of America

---

provision requires proof of a fact which the other does not). Moreover, any error there would be harmless in any event because the Court could have imposed the full sentence on any count of conviction.

-4-

## DECLARATION OF KERI CURTIS AXEL

I, Keri Curtis Axel, declare and state:

1. I am an Assistant United States Attorney for the Central District of California, assigned to the prosecution of United States v. Yoo Taik Kim, No. CR 08-1510-GW. I make this declaration of my own knowledge and would and could competently so testify if called upon to do so.

2. On May 19, 2012, the Ninth Circuit Court of Appeals rejected defendant's motion for bond pending appeal, without prejudice. Specifically, the Order states: "Appellant's motion for bail pending appeal is denied without prejudice to renewal, if necessary, following presentation of the motion to the district court. See Fed. R. App. P. 9(b); 9th Cir. R. 9-1.2(a). The briefing schedule established previously shall remain in effect."

3. Upon receiving the Ninth Circuit's order, I forwarded the two-sentence order to defense counsel Raul Ayala, and appellate counsel Christian DiEdoardo. I informed them that defendant's motion had been denied; thus, this Court's order to surrender was no longer stayed, and that defendant should surrender to the Marshals or his place of designation today. Ms. DiEdoardo responded: "I received the order from the Ninth Circuit moments ago and have not yet reviewed it. Upon doing so I will appropriately advise Mr. Kim."

4. Around 11:00 a.m. this morning, federal agents stopped at defendant KIM's place of work, and an employee said that he had recently gone to the bank. The agents went to the bank and verified that defendant had been there. It is my understanding

-5-

that defendant did not appear he was making any preparations to self-surrender as ordered to the Federal Correctional Institution in Taft, as he had been ordered.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 24, 2012

/s/__Keri Curtis Axel
KERI CURTIS AXEL

# EXHIBIT C

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
KERI CURTIS AXEL (Cal. Bar No. 186847)
VICKI CHOU (Cal. Bar No. 248598)
Assistant United States Attorneys
Major Frauds Section / General Crimes Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5421/8692
    Telephone: (213) 894-3547/0141
    E-mail: keri.axel@usdoj.gov
    E-mail: vicki.chou@usdoj.gov

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. CR 08-1510-GW |
| Plaintiff, | ) |
| | ) [~~Proposed~~] ORDER FOR WARRANT BASED |
| v. | ) ON DEFENDANT'S FAILURE TO SURRENDER |
| YOO TAIK KIM, | ) IN COMPLIANCE WITH COURT'S APRIL 19, |
|   aka "Yoo Taek Kim," | ) 2012 ORDER |
|   aka "Walter Goldman Kim," | ) |
| | ) Courtroom of the Hon. George H. Wu |

    Having reviewed the <u>ex parte</u> application of the government and for good cause shown therein, as well as based on the prior record of bail proceedings that have occurred before this Court, the Court hereby orders as follows:

    1. By failing to surrender forthwith following the Ninth Circuit's Order denying his Motion for Bail Pending Appeal, defendant is in contempt of court, a violation of 18 U.S.C. § 402, and is in violation of the terms and conditions of his Pretrial Release, thus also violating 18 U.S.C. § 3148.

    2. A warrant for defendant's arrest shall issue forthwith concurrently with this Order.

3. Upon his surrender or arrest, defendant shall be remanded to the custody of the U.S. Marshals, who will transfer him to the Bureau of Prisons to begin service of his sentence.

4. Defendant's motion for bond pending appeal shall remain as calendared for June 21, 2012.

IT IS SO ORDERED.

May 25, 2012
DATE

HON. GEORGE H. WU
UNITED STATES DISTRICT JUDGE

Submitted by:

/s/ Keri Curtis Axel
KERI CURTIS AXEL
Assistant United States Attorney

-2-